### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOU ANN WOERNER, as the beneficiary of Michael J. Woerner, : | |
| : | |
| Plaintiff, : | **Civil Action No. 12-6648 (SRC)** |
| : | |
| v. : | **OPINION** |
| : | |
| FRAM GROUP OPERATIONS, LLC, and ERIC SCHUENEMAN, : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Eric Schueneman to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 7) Plaintiff Lou Ann Woerner has opposed the motion. (Docket Entry 16) The Court will rule on the papers submitted, and without oral argument. See Fed. R. Civ. P. 78. For the reasons that follow, the Court will grant the motion in part and deny it in part.

**I.    THE FACTS**

In July 2010, Plaintiff Lou Ann Woerner's husband, Michael J. Woerner, was diagnosed with brain cancer. At the time of his diagnosis, Mr. Woerner worked for Honeywell and participated in the company's ERISA-covered benefits plans. In January 2011, Honeywell agreed to sell the business unit employing Mr. Woerner to Defendant FRAM. This sale closed on July 29, 2011, about a month after Mr. Woerner took a leave of disability from work. The Woerners were concerned that the sale would adversely affect Mr. Woerner's employee benefits

and insurance coverages, and they actively sought information from both Honeywell and FRAM. At some point, the Woerners were told that they would have to speak with FRAM's Director of Compensation, Benefits, and HRIS, Defendant Eric Schueneman.

The Woerners initially had difficulty reaching Schueneman, and when they did, they were told that the information they sought was not yet available. The Woerners continued to seek information, by phone and email, from Honeywell, FRAM, and Schueneman about how the sale might affect Mr. Woerner's benefits. During this time, the Woerners were given the impression that Mr. Woerner would be eligible for life insurance through FRAM. Plaintiff points to a conversation she had with Schueneman on or about December 5, 2011, in which Schueneman indicated that he was "sure" Mr. Woerner could enroll in FRAM's life insurance plan.

On December 7, 2011, the Woerners made their benefits and insurance coverage elections for 2012. Mr. Worerner elected to enroll in a $297,000 basic life insurance policy and a $198,000 voluntary life insurance policy. Both had effective dates of January 1, 2012, and named Plaintiff as beneficiary. Mr. Woerner received written confirmation of his "enrolled" status and life insurance converage.

 Mr. Woerner's voluntary life insurance policy required a monthly contribution of $16.91, and in January, 2012, the Woerners noticed that premium contributions were not being automatically deducted from Mr. Woerner's compensation. Plaintiff emailed Schueneman to discuss this and other issues but received no response. After repeated attempts, Plaintiff reached Schueneman by telephone in mid to late January 2012. Schueneman told Plaintiff not to worry, that the Woerners were covered, and that letters would be going out to explain how to make premium contributions by check. The Woerners never received such a letter.

2

Plaintiff alleges, upon information and belief, that around this time, Schueneman learned that it might be necessary for Mr. Woerner to attend work for a day in order to become eligible for life insurance benefits. Schueneman never shared this information with the Woerners.

Mr. Woerner passed away on February 24, 2012. After a number of unsuccessful attempts to get information from Schueneman about the pay out on Mr. Woerner's life insurance policy, Plaintiff spoke directly with the insurance company, who disclosed that Mr. Woerner was not covered at the time of his death.

Plaintiff has brought suit against both FRAM and Schueneman, alleging five separate counts under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, et seq.[1] Plaintiff seeks a constructive trust and other equitable relief.

## II. DISCUSSION

### A. Standard of Review

A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint,

---

[1] The Complaint contains the following counts: (1) ERISA equitable estoppel; (2) ERISA equitable relief for material misrepresentation; (3) violation of ERISA breach of fiduciary duties; (4) violation of ERISA co-fiduciary duties; and (5) violation of ERISA statutory illegal interference.

exhibits attached to the complaint, matters of public record, and undisputedly authentic

documents if the complainant's claims are based upon those documents.  See Pension Benefit

Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**B.    Breach of Fiduciary Duty**

Schueneman moves to dismiss Counts Two, Three, and Four of the Complaint on the

grounds that Plaintiff has failed to adequately plead that Schueneman is an ERISA fiduciary.

The Court disagrees.

Fiduciary status is broadly defined under ERISA.  Curcio v. John Hancock Mut. Life Ins.

Co., 33 F.3d 226 (3d Cir. 1994).  In Unisys Corp. Retiree Med. Benefits Erisa Litig. v. Unisys

Corp., the Third Circuit articulated the general standards for determining who is an ERISA

fiduciary:

> "ERISA . . . defines 'fiduciary' not in terms of formal trusteeship, but
> in functional terms of control and authority over the plan."  Mertens
> v. Hewitt Assocs., 508 U.S. 248, 262 (1993).   Accordingly,
> "[f]iduciary duties under ERISA attach not just to particular persons,
> but to particular persons performing particular functions."  Hozier v.
> Midwest Fasteners, Inc., 908 F.2d 1155, 1158 (3d Cir. 1990).
> Accordingly, "a person is a fiduciary with respect to a plan only to the
> extent that he has any discretionary authority or discretionary
> responsibility in the administration of such plan."  Varity Corp. v.
> Howe, 516 U.S. 489, 527 (1996) (internal quotation marks omitted).
> "A plan administrator . . . acts as a fiduciary when explaining plan
> benefits and business decisions about plan benefits to its employees.
> Adams v. Freedom Forge Corp., 204 F.3d 475, 492 (3d Cir. 2000).

579 F.3d 220, 228 (3d Cir. 2009).

Schueneman argues that his position as FRAM's Director of Compensation, Benefits and

HRIS is insufficient to establish his status as an ERISA fiduciary.  Schueneman also maintains

that Plaintiff has failed to allege specific facts that Schueneman exercised individual

discretionary authority over the plan's management, assets, and administration and was performing a fiduciary function when taking the challenged action.

The Court concludes that Plaintiff has alleged sufficient facts to survive a motion to dismiss based on Schueneman's non-fiduciary status.  Schueneman's title, while perhaps not adequate, by itself, certainly qualifies as a non-conclusory factual allegation supporting a claim that Schueneman was an ERISA fiduciary.  The Complaint also alleges that Schueneman had discretionary authority to act on behalf of the plan and that no other natural person had any information about the plan.  Finally, the Complaint alleges that Schueneman expressly assured Plaintiff that her husband would have life insurance coverage at FRAM.  In Adams v. Freedom Forge Corp., the Third Circuit stated that "[a] plan administrator . . . acts as a fiduciary when explaining plan benefits and business decisions about plan benefits to its employees."  204 F.3d 475 (3d Cir. 2000).  Under the factual allegations contained in the Complaint, it would be improper to dismiss Plaintiff's claims for fiduciary breach at this early stage.  A determination on Schueneman's fiduciary status must await an evidentiary hearing.  If discovery indicates that Schueneman did not function as a fiduciary, he may move for summary judgment on the issue.

### C.     Equitable Estoppel

Next, Schueneman argues that Plaintiff has failed to state a claim against him on a theory of equitable estoppel.  The Court agrees.

The parties do not dispute that to state a claim for equitable estoppel, a Plaintiff must show "'(1) a material representation, (2) reasonable and detrimental  reliance upon the representation, and (3) extraordinary circumstances.'"  Burstein v. Ret. Account Plan for Emples. of Allegheny Health Educ. & Research Found., 334 F.3d 365, 383 (3d Cir. 2003) (quoting

Curcio, supra, 33 F.3d at 235).

Schueneman first argues that Plaintiff has not sufficiently pled the presence of "extraordinary circumstances."  The Third Circuit has not clearly defined "extraordinary circumstances" but instead relies on case law to establish its parameters.  Kurz v. Phila. Elec. Co. (Kurz II), 96 F.3d 1544, 1553 (3d Cir. 1996).  Extraordinary circumstances may "involve acts of bad faith on the part of the employer, attempts to actively conceal a significant change in the plan, or commission of fraud.'"  Burstein, supra, 334 F.3d at 383 (quoting Jordan v. Federal Express Corp., 116 F.3d 1005, 1011 (3d Cir. 1997)).  Extraordinary circumstances may also be present "where there is a 'network of misrepresentations over an extended course of dealing,' or where particular plaintiffs are especially vulnerable."  Pell v. E. I. DuPont De Nemours & Co., 539 F.3d 292, 303-04 (3d Cir. 2008) (citing Kurz, supra, 96 F.3d at 1553).  The Third Circuit has "consistently rejected estoppel claims based on simple ERISA reporting errors or disclosure violations, such as variations between a plan summary and the plan itself."  Kurz (II), 96 F.3d at 1553.

According to Schueneman, Plaintiff has, at most, alleged facts showing that Schueneman was "dilatory and may have made some mistakes in delivering information" to Mr. Woerner. (Def.'s Br. Supp. Mot. Dismiss 6)  In this Court's view, Plaintiff's allegations, taken as true, satisfy the "extraordinary circumstances" element of a claim for equitable estoppel.

The Third Circuit has held that "extraordinary circumstances" may exist where an ERISA fiduciary's repeated assurances of coverage and ultimate disclamation sends a beneficiary on a "roller coaster" ride.  See Curcio, supra, 33 F.3d at 238.  In assessing whether extraordinary circumstances are present, the Third Circuit has also considered a defendant's "repeated oral and

written misrepresentations," a beneficiary's "diligence in attempting to obtain accurate answers," and the amount of coverage at stake.  Smith v. Hartford Ins. Group, 6 F.3d 131, 142 (3d Cir. 1993).  Plaintiff has pled repeated misrepresentations and omissions by Schueneman and the Woerner's diligent attempts to obtain accurate information.  Although the amount of disputed coverage in this case falls short of the $1 million policy at issue in Smith, the Court concludes that the amount is significant enough to support a claim of extraordinary circumstances.

The Court also concludes that Plaintiff has alleged extraordinary circumstances based on Plaintiff's vulnerable position.  The Third Circuit has generally recognized the presence of extraordinary circumstances based on particular vulnerability only "in instances of imminent and life threatening health emergencies to the plaintiff himself or to his family members."  Araujo v. Kraft Foods Global, Inc., 387 Fed. Appx. 212, 217 (3d Cir. 2010) (citing Smith, supra, and Curcio, supra).  Aware of the life-threatening nature of Mr. Woerner's brain cancer diagnosis and the uncertainty posed by the sale of his employer, Mr. Woerner tried assiduously to ensure that his family would be financially secure in the event of his death.  Plaintiff alleges, upon information and belief, that Schueneman knew but failed to disclose that Mr. Woerner could only qualify for coverage if he worked for at least one day in 2012.  According to the Complaint, Mr. Woerner was ready, willing, and able to satisfy that requirement, had he known about it, and Schueneman's failure to convey this information resulted in a substantial financial loss to Plaintiff.

While Plaintiff has shown "extraordinary circumstances," the claim must nevertheless be dismissed.  A claim for equitable estoppel prevents a plan from denying benefits it promised to a participant or beneficiary.  See Kimberly A. Kralowec, Comment: Estoppel Claims against

ERISA Employee Benefit Plans, 25 U.C. Davis L. Rev. 487, 492 (1992) ("Plaintiffs in estoppel cases are ineligible for benefits under the plan's terms, but argue that the plan is estopped from so asserting."). Since a claim of equitable estoppel seeks benefits that only the *plan* can provide, such a claim simply makes no sense as against anyone else. As Schueneman correctly points out, the defendants in the cases relied upon by Plaintiff were *employers*, not individual employees. Schueneman, who is not the plan, is simply not amenable to suit on a theory of equitable estoppel. Therefore, the claim must be dismissed with prejudice.

### D. Illegal Statutory Interference

Finally, Schueneman moves to dismiss Plaintiff's claim for illegal statutory interference under § 510 of ERISA on the grounds that Plaintiff has failed to allege facts showing Schueneman had a "specific intent" to interfere with Mr. Woerner's benefits. The Court agrees.

Section 510 of ERISA provides, in part, that

> [i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C. 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

"To establish a prima facie case under ERISA § 510, an employee must demonstrate (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." Gavalik v. Cont'l Can Co., 812 F.2d 834, 852 (3d Cir. 1987). "[T]he essential element of proof under § 510 is specific intent to engage in proscribed activity." Id. 851; see also Jakimas v. Hoffmann-LaRoche, Inc., 485 F.3d

8

770, 785 (3d Cir. 2007) ("a plaintiff must 'demonstrate that the defendant had the specific intent' to violate ERISA").  Proof of specific intent "can be demonstrated through direct or circumstantial evidence, because the 'smoking gun' evidence may be rare." Id. (citing Gavalik, 812 F.2d at 852).  This means that, at the motion to dismiss stage, "[i]t is sufficient to plead facts that, when taken as true, constitute circumstantial evidence of the employer's specific intent to interfere with the ERISA plan." Stabile v. Allegheny Ludlum, LLC, No. 12-168, 2012 U.S. Dist. LEXIS 126703, at *27 (W.D. Pa. Sept. 6, 2012); see also Pailleret v. Jersey Constr., Inc., No. 09-1325, 2010 U.S. Dist. LEXIS 2313 (D.N.J. Jan. 11, 2010).

According to Schueneman, Plaintiff has failed to plead facts showing specific intent – the Complaint contains no allegations that Schueneman had a mindset to prevent Mr. Woerner from obtaining any benefit and does not allege that Schueneman held any "animosity owing to Mr. Woerner's illness or his work status."  (Def.'s Moving Br. 10)  The Court agrees.  In opposition, Plaintiff only points to allegations made "upon information and belief."  For example, the Complaint alleges upon information and belief that Schueneman knew Mr. Woerner would have to work at least one day in 2012 in order to qualify for supplemental life insurance.  While specific intent may be shown by circumstantial evidence, Plaintiff cannot survive a motion to dismiss by offering only conclusory, unsupported allegations made upon information and belief.  Such allegations, without more, fail to demonstrate Plaintiff's plausible entitlement to relief.  Therefore, the Court will dismiss the claim against Schueneman for illegal statutory interference without prejudice.

## III. CONCLUSION

For the foregoing reasons, Schueneman's motion to dismiss the complaint will be granted

9

in part and denied in part.  An appropriate order accompanies this opinion.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: April 29, 2013