UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| LOU ANN WOERNER, as the beneficiary of Michael J. Woerner, | Civil Action No. 12-6648 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| FRAM GROUP OPERATIONS, LLC, and THAT CERTAIN EMPLOYEE WELFARE BENEFIT PLAN SPONSOED BY FRAM GROUP OPERATIONS, LLC, | |
| Defendants. | |

**CHESLER**, District Judge

Plaintiff Lou Ann Woerner ("Plaintiff") brings this action under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to recover life insurance proceeds allegedly owed to her as the beneficiary of her late husband's employee life insurance plan. Defendant FRAM Group Operations, LLC ("FRAM"), moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(a)(6). In the alternative, FRAM seeks to compel the joinder of the Life Insurance Company of North America ("CIGNA"), pursuant to Federal Rule of Civil Procedure 19. (ECF No. 107). Plaintiff opposes the motion. (ECF No. 110). The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, FRAM's motion will be denied.

1

## I. BACKGROUND

Plaintiff's late husband, Michael Woerner, was diagnosed with brain cancer in July 2010, while he was an employee of Honeywell International Inc. ("Honeywell"). (Am. Compl., ¶¶ 3, 13.) In June 2011, Mr. Woerner commenced short-term disability leave. (Am. Compl., ¶¶ 16.) Approximately one month later, in July 2011, Honeywell sold Mr. Woerner's business unit to FRAM, thereby making him an employee of the latter. (Am. Compl., ¶ 17.) Mr. Woerner remained on short-term disability leave as an employee of FRAM until his death in February 2012. (Am. Compl., ¶ 58.)

Plaintiff alleges that FRAM established a benefit plan for its employees that included basic and voluntary life insurance. (Am. Compl., ¶¶ 1, 4.) She alleges that Mr. Woerner enrolled in the life insurance benefits and that his coverage under them became effective on January 1, 2012. (Am. Compl., ¶¶ 30-36, 40.) Plaintiff further alleges that the life insurance benefits named her as a sole beneficiary, making her eligible to receive proceeds from them upon Mr. Woerner's death. (Am. Compl., ¶¶ 34-35, 39-40.) She alleges that she did not received those proceeds, however, because "Defendants," including FRAM, "(through their insurer) denied [her] life insurance benefits under the plan." (Am. Compl., ¶¶ 65, 70, 80).

In October 2012, Plaintiff commenced the instant action. (ECF No. 1.) Her amended complaint, filed in September 2014, asserts a single claim for denial of benefits in violation of Section 1132(a)(1)(B). FRAM now moves to dismiss the amended complaint on the ground that Plaintiff's allegations fail to establish that FRAM is a proper defendant in this action. Instead, FRAM argues, Plaintiff's allegations show only that CIGNA, which FRAM claims to have issued the group life insurance policy funding the benefits, is a proper defendant. In the alternative, FRAM seeks to compel the joinder of CIGNA on essentially the same grounds.

2

**II.     Dismissal Pursuant to Rule 12(b)(6)**

1.     *Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

When considering a Rule 12(b)(6) motion to dismiss, a court may consider allegations in the complaint, documents attached thereto or specifically referenced therein, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).[1] A "court must accept as true all factual allegations contained in the complaint and all reasonable inferences that can be drawn therefrom, . . . view[ed] . . . in [a] light most favorable to the plaintiff." OFI Asset Mgmt. v. Cooper Tire & Rubber, 834 F.3d 481, 489 (3d Cir. 2016) (citations omitted). On the other hand, it must "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 79 n. 4 (3d Cir. 2017) (quoting James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012)).

---

[1] Fed. R. Civ. P. 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). If a motion is treated as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 775 (3d Cir. 2013). Here, FRAM's moving brief attaches and makes reference to several emails between FRAM representatives and CIGNA, none of which were referenced in or attached to Plaintiff's amended complaint. In accordance with Rule 12(d), the Court declines to consider these documents for the purposes of this Rule 12(b)(6) motion.

2.  *The Proper Defendant in a Denial of Benefits Action*

ERISA empowers a "participant [in] or beneficiary [of]" an employee benefit plan to bring an action to "recover benefits due to him under the terms of his [or her] plan . . . ." 29 U.S.C. § 1132(a)(1)(B). To assert a claim for denial of benefits under Section 1132(a)(1)(B), a plaintiff must allege that "he or she . . . ha[s] a right to benefits that is legally enforceable against the plan,' and that the plan administrator improperly denied those benefits." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Hooven v. Exxon Mobil Corp., 465 F.3d 566, 574 (3d Cir. 2006).

The proper defendant in action brought under Section 1132(a)(1)(B) is either "the plan itself (or plan administrators in their official capacities only)." Graden v. Conexant Systems, 496 F.3d 291, 301 (3d. Cir. 2007) (citing Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 509-10 (2d Cir. 2002)). "Thus, if entitlement to benefits is established, the court can direct the plan administrator to pay them from the assets of the plan, much as a trustee may be compelled to satisfy a trust obligation from trust assets." Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 308 (3d Cir. 2008).

The Third Circuit has explained that "exercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." Evans v. Employee Benefit Plan, 311 F. App'x 556, 558 (3d Cir. 2009) (non-precedential). Consequently, if a plan's written instrument "specifically delegate[s] . . . the discretion to determine eligibility for benefits" to a third party, as was the case in Evans, the employer sponsoring that plan would not be a proper defendant. Id. at 558-59 (alterations in original). In contrast, if an employer authorizes a third party to process claims or determine eligibility but nonetheless retains the ultimate power to decide, at its discretion, disputed claims, that employer

4

would be a proper defendant.  See Terry v. Bayer Corp., 145 F.3d 28, 35 (1st Cir. 1998); Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co., 57 F.3d 608, 613-14 (7th Cir.1995); Kyle Rys., Inc. v. Pac. Admin. Servs., Inc., 990 F.2d 513, 516 (9th Cir.1993); Baker v. Big Star Div. of The Grand Union Co., 893 F.2d 288, 289-90 (11th Cir. 1989)); Me. Coast Mem'l Hosp. v. Sargent, 369 F. Supp. 2d 61, 64 (D. Me. 2005).

In the present case, Plaintiff's amended complaint does not specifically allege that FRAM delegated its discretion to determine eligibility for life insurance benefits to a third party.  None of the documents that allegedly form the basis of the informal plan governing Plaintiff's claims contain such a delegation either.  FRAM disputes this conclusion, arguing that Plaintiff's allegations "show that CIGNA is the entity with . . . authority" to "make benefit determinations." (ECF No. 107-1, Defendant FRAM Group Operations, LLC's Memorandum of Law in Support of its (1) Motion to Dismiss or, Alternatively, (2) Motion to Compel Joinder ("Mov. Br."), at 6.) FRAM cites an October 21, 2011, email from FRAM to its employees, a portion of which states that "coverage" for "supplemental term life insurance" would be "managed by" CIGNA. (See Am. Compl. ¶ 23, Exhibit A.)  FRAM also points to Plaintiff's allegation that, after Mr. Woerner's death, "FRAM forced Plaintiff to deal with the insurance company [CIGNA] directly and alone, knowing full well that the insurance company was not going to make any payments . . . ." (See Am. Compl. ¶ 65-66, 70.)

Although both of these allegations indicate that CIGNA played a role in administering claims for the life insurance benefits at issue, both are consistent with the view that FRAM authorized CIGNA to process claims, while nonetheless retaining the power to decide, at its discretion, disputed claims.  Therefore, neither allegation would foreclose an otherwise

5

reasonable inference that FRAM had ultimate control over the administration of life insurance benefits.

Furthermore, Plaintiff's amended complaint contains sufficient factual content concerning FRAM's role in administering the employee benefit plan to justify the inference that FRAM is a proper defendant in this case. Plaintiff alleges that on October 21, 2011, FRAM sent employees an email announcing that "Open enrollment" for 2012 benefits would "begin on or about November 28, 2011 and run through December 9, 2011" and that "[e]nrollment into the 2012 benefits [would] be conducted via a web-based system or via telephone." (Am. Compl. ¶ 23, Ex. A.) Plaintiff also alleges that on October 28, 2011, FRAM sent an email that purported to "share with [employees] . . . details regarding [their] health care options," which FRAM would be offering "as part of [employees'] overall compensation and benefits package." (Am. Compl., ¶ 24, Exhibit B.) This email included information for "Basic Life/AD&D," for which "coverage [would be] provided by FRAM Group at no cost to employee[s]" and for which "CIGNA" would be the "carrier"; and "Voluntary Life/AD&D," for which "coverage" might be "purchase[d] . . . based on [an employee's] annual salary" "at each open enrollment [period]" and for which "CIGNA" would also be the "carrier." (Id.) Plaintiff further alleges that on December 5, 2011, FRAM sent an email that provided detailed instructions on how to enroll in the benefits, (Am. Compl., ¶ 29, Exhibit C), and that on December 7, 2011, it sent Mr. Woerner a "Confirmation Statement" that purported to "list[] [his] 2012 benefit elections, as well as . . . benefits provided to [him] by the company." (Am. Compl., ¶ 34, Exhibit D). This Confirmation Statement showed that Mr. Woerner was "[e]nrolled" in "Basic Life/AD&D Insurance" and had "[e]lected" "Voluntary Employee Life/AD&D Insurance." (Id.) Additionally, Plaintiff alleges that a FRAM representative stated orally to her that Mr. Woerner was "covered" under the

benefits that he had selected. (Am. Compl., ¶¶ 48-49.) Finally, Plaintiff alleges that FRAM, as one of the "Defendants[,] denied Plaintiff life insurance benefits . . . ." (Am. Compl. ¶ 71).

Based on these allegations, a trier of fact could reasonably infer that FRAM controlled the administration of life insurance benefits prior to Mr. Woerner's death. Accordingly, the Court will deny FRAM's motion to the extent that it seeks dismissal pursuant to Rule 12(6)(b).

### III. Compulsory Joinder Pursuant to Rule 19

Rule 19 "governs joinder of necessary and indispensable parties." Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1053 (3d Cir. 1988). The rule provides, in pertinent part, that "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined . . . if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19.

FRAM contends that in CIGNA's absence this Court cannot afford complete relief to Plaintiff because, first, CIGNA alone has the authority to pay out proceeds from the group insurance policy that it issued and, second, that policy is the informal plan's only asset. Therefore, FRAM argues, it cannot pay Plaintiff's claimed benefits "from the assets of the plan" in the manner described in Hahnemann because it effectively lacks the authority to grant or deny those benefits. See Hahnemann, 514 F.3d at 308. As FRAM concedes, however, these contentions have yet to be established in the instant matter. More to the point, in the context of this case, such issues are not appropriate for determination on a motion for compulsory joinder pursuant to Rule 19. Simply put, whether FRAM effectively lacks authority to pay out proceeds from the life insurance benefits is material to whether FRAM is a proper defendant in this action at all, a point the parties dispute. Thus, although FRAM characterizes the relief that it seeks as compulsory joinder, its motion would require that the Court render a finding on an issue that

goes to the heart of Plaintiff's case. Determinations on disputed, material issues such as this one are not appropriate under the standards applicable to a motion for compulsory joinder. Consequently, this Court will deny FRAM's motion to the extent that seeks such relief.

## IV. CONCLUSION

Therefore, for the foregoing reasons, FRAM's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or to compel joinder, pursuant to Fed. R. Civ. P. 19(a) is DENIED. An appropriate order shall issue.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: April 27, 2017