**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| LOU ANN WOERNER, as the beneficiary of Michael J. Woerner, | **Civil Action No. 12-6648 (SRC)** |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| FRAM GROUP OPERATIONS, LLC, and THAT CERTAIN EMPLOYEE WELFARE BENEFIT PLAN SPONSOED BY FRAM GROUP OPERATIONS, LLC, | |
| Defendants. | |
| FRAM GROUP OPERATIONS, LLC, and THAT CERTAIN EMPLOYEE WELFARE BENEFIT PLAN SPONSOED BY FRAM GROUP OPERATIONS, LLC, | |
| Third Party Plaintiffs, | |
| v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Third Party Defendant. | |

**CHESLER**, District Judge

Plaintiff Lou Ann Woerner ("Plaintiff") brought this action against Defendant FRAM Group Operations, LLC ("FRAM")[1] to challenge a denial of life insurance benefits allegedly owed to her as the beneficiary of her late husband's employee welfare benefit plan. FRAM

---
[1] The Court uses "FRAM" to refer collectively to Defendant FRAM Group Operations, LLC and That Certain Employee Welfare Benefit Plan Sponsored by FRAM Operations Group LLC.

subsequently filed a third-party complaint against the Life Insurance Company of North America ("CIGNA"), the fiduciary for its life insurance plan (Docket No. 134). The Court granted (Docket No. 151) CIGNA's motion to dismiss this third-party complaint. FRAM has now filed a motion for reconsideration (Docket No. 154), which CIGNA opposes (Docket No. 158). The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, FRAM's motion for reconsideration is dismissed with prejudice.

## I. BACKGROUND

In her amended complaint, Plaintiff alleges that Defendant established a benefits plan for its employees, which included basic and voluntary life insurance, and that Plaintiff's husband enrolled in this plan. Plaintiff alleges that this coverage became effective prior to her husband's death, even though CIGNA did not delivery a formal life insurance plan to Defendant until after Mr. Woerner had died. Plaintiff alleges she was named the sole beneficiary, and that Defendant has denied Plaintiffs benefits to which she is rightfully entitled.

Both parties filed motions for summary judgment. By order dated June 30, 2015, the Court granted Defendant's motion for summary judgment and denied its motion to compel joinder with CIGNA as moot. Plaintiff appealed, and on September 12, 2016, the Court of Appeals for the Third Circuit vacated this Court's order, remanding the case "for application of the correct standard as to the existence and terms of the Plan at the time that [Plaintiff's] benefits, if any, vested." Woerner v. FRAM Grp. Operations, LLC, 658 F. App'x 90, 97 (3d Cir. 2016). While the formal plan was not established until after the death of Plaintiff's husband, the Third Circuit held that an "informal plan" may have existed prior to the death, which "constitute[d]" "informal written and oral communications." Id. at 90. The Third Circuit instructed this Court to

2

disregard evidence of "the version of the Plan delivered to and executed by FRAM after Mr. Woerner's death," because such evidence is not probative of the terms of any informal plan governing Plaintiff's claims. Id. at 96-97.

Upon remand, FRAM filed a motion to dismiss under Rule 12(b)(6), which this Court denied. FRAM then filed its answer and a third-party complaint ("TPC") against CIGNA. The TPC states that "if . . . benefits are due to Plaintiff, those benefits are payable solely by CIGNA," and the TPC asserts claims for "equitable relief" and indemnification. According to the TPC, CIGNA accepted appointment as a "Claim Fiduciary" and agreed to be "responsible for adjudicating benefits under the Plan" and to accept "sole liability to the Plan and to Participants and Beneficiaries . . . for the payment of benefits provided with respect to Policies issued by [CIGNA] to the Plan." (TPC ¶¶ 11-13.) The TPC alleges that "CIGNA . . . issued a group life insurance policy, No. FLX964429, that was effective January 1, 2012 and [that] provides the sole source of funds for benefits payable under the plan" governing Plaintiff's claims. (TPC ¶ 14.) The TPC also alleges that a Wrap Around Document memorializes the relevant terms of the policy, and this document "provides that all benefits payable 'through a Group Insurance Policy shall be paid solely pursuant to the terms of the Group Insurance Policy.'" (TPC ¶¶ 17-18.)

By order dated October 4, 2017, this Court granted CIGNA's motion to dismiss the TPC. This Court found that the documents FRAM relied upon in its TPC pertained only to the formal plan issued after Mr. Woerner's death, and thus could not justify a reasonable inference that CIGNA possessed authority or bore any obligation with respect to any informal plan potentially governing Plaintiff's claims. Defendant now appeals the dismissal of the third-party complaint.

3

## II.     LEGAL STANDARD

In the Third Circuit, a court should only grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden of demonstrating the need for reconsideration, the moving party must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Database Am., Inc. v. Bellsouth Advert. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).

Reconsideration is not appropriate "where the motion only raises a party's disagreement with the Court's initial decision." Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 163 (D.N.J. 1988). Reconsideration is likewise not a "vehicle to reargue the motion or to present evidence which should have been raised before." Id. at 1220. In seeking reconsideration, the moving party bears a "heavy burden" to meet this standard. Hunter v. Filip, 2011 WL 6303257, at *2 (D.N.J. Dec. 15, 2011). The mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." G–69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J.1990).

## III.    DISCUSSION

### A. Defendant Identifies No Clear Error Of Law Or Manifest Injustice To Warrant Reconsideration

In its dismissal of the TPC, the Court found that Defendant relied on documents that were either created after Mr. Woerner's death (the Policy and the Wrap Around Document) or that only concerned formal insurance policies that CIGNA actually issued (the Group Life Insurance Certificate and Claim Fiduciary Appointment). As such, these documents could not constitute or

provide "surrounding circumstances" regarding the existence of an informal plan at the moment the benefits vested, and thus could not establish that CIGNA possessed authority or bore obligations with respect to any informal plan.

In its motion, Defendant argues that the Claim Fiduciary Appointment document "precludes a conclusion that CIGNA could not have any 'fiduciary, statutory, or contractual' obligation to the plan." Defendant previously raised this argument in its TPC, and such recapitulation of arguments is not proper in a motion for reconsideration. As the Court noted in its decision, Defendant's interpretation is not persuasive because the Claim Fiduciary Appointment refers to authority and obligations for insurance policies CIGNA actually issues.

Defendant also argues that there is clear error of law warranting reconsideration because the Court violates the law of the case, a doctrine which directs courts "to refrain from re-deciding issues that were resolved earlier in the litigation." Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997).

In support of this argument, Defendant cites this Court's opinion denying the Plaintiff's motion to dismiss (Docket No. 126), in which this Court noted that internal documents between CIGNA and Defendant could permit "a reasonable person [to] ascertain the source of financing for the benefits: a group insurance policy issued by CIGNA." Defendant's citation to this passage and its arguments based on the law of the case are misplaced. First, the law of the case is a discretionary doctrine that "does not limit a federal court's power; rather, it directs its exercise of discretion." Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997); see also Arizona v. California, 460 U.S. 605, 619 (1983). Second, the law of the case does not apply here because courts only apply the doctrine "when their prior decisions in an ongoing case either expressly resolved an issue or *necessarily resolved it by*

5

*implication*." United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA, 316 F.3d 392, 397–98 (3d Cir. 2003) (emphasis in original). In its opinion denying Plaintiff's motion to dismiss, the Court merely noted that such internal documents could provide evidence that an informal plan existed prior to Mr. Woerner's death. This Court did not decide, however, that these internal documents established that CIGNA bore a fiduciary, statutory, or contractual obligation to Defendant or Plaintiff with regard to an informal plan. The court is accordingly not re-deciding an issue that it previously resolved, and the law of the case doctrine does not apply.

Defendant argues that this Court violates the law of the case in a second manner, because the Court previously decided as an issue in this case that "there is a dispute whether FRAM or CIGNA was the party to control benefits." For support, Defendant cites the Court's denial (Docket No. 128) of Defendant's motion to dismiss, in which the Court wrote that "whether FRAM effectively lacks authority to pay out proceeds from the life insurance benefits is material to whether FRAM is a proper defendant in this action at all, a point the parties dispute." Once again, Defendant's argument fails for similar reasons. This Court did not previously decide that CIGNA was the party to control benefits. Rather, the Court noted that a motion for compulsory joinder under Rule 19 was not the appropriate avenue to determine whether Defendant is a proper defendant in the action. As the Court noted in its opinion, making such a determination in the context of a compulsory joinder motion would "render a finding on an issue that goes to the heart of Plaintiff's case."

In its motion for reconsideration, Defendant identifies no other newly available evidence or intervening change in the controlling law. Defendant's arguments for a clear error of law are unpersuasive, as they either merely recapitulate arguments already advanced in the TPC or

6

misapply the doctrine of the law of the case. Accordingly, Defendant fails to meet its heavy burden to warrant reconsideration of this Court's dismissal of the third-party complaint.

### B. Defendant Cannot Amend the Deficiencies in its Third-Party Complaint against CIGNA

As the Court noted in its decision, dismissal with prejudice is a "harsh remedy" that is only appropriate on the grounds of bad faith, undue delay, prejudice, or futility. Since Defendant had pointed to "no unpled facts that might allow an amended third-party complaint against CIGNA to withstand a future motion to dismiss," the Court accordingly dismissed the TPC with prejudice.

In its motion for reconsideration, Defendant argues that it "has been unjustifiably deprived of the ability to replead and correct any deficiencies" and that it could replead its third-party complaint to allege that CIGNA had fiduciary, statutory, or contractual obligations with respect to the informal plan. For support, Defendant cites an October 2011 email that was previously referenced in its cross-motion for summary judgment. The email lists several "Implementation Tasks", including the request for Defendant to "provide the name of the person to receive all claim determinations." Defendant also cites a December 2011 email from CIGNA, which includes a document titled "How to Submit a Life, Accident or Waiver Claim," with instructions that claims may be submitted to "CIGNA Life & Accident Claim Services." Finally, Defendant refers to documents it previously relied on, including an October 2011 email that announced CIGNA as a benefit provider for supplemental term life insurance.

Defendant's citation to internal documents exchanged with CIGNA before the formal plan was executed cannot amend the deficiencies in Defendant's third-party complaint. The documents pertain to the formal plan that Defendant ultimately established, and do not address the "informal written or oral communications" with Plaintiff that may have established an

informal plan. While these documents may indicate a factual dispute about the terms of the informal plan, they do not establish a dispute that CIGNA has any fiduciary, statutory, or contractual obligations with respect to the informal plan. Defendant has not alleged that CIGNA directly communicated with Plaintiff regarding the plan prior to Defendant establishing the formal plan in March 2012. As a result, Defendant fails to allege or identify unpled facts that would cure its deficient third-party complaint against CIGNA to withstand a future motion to dismiss. The court accordingly denies Defendant's motion to have the third-party complaint be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, for the foregoing reasons; and for good cause shown;

**IT IS** on this 5th day of December, 2017;

**ORDERED** that Defendant's motion for reconsideration (Docket No. 154) is **DENIED** with prejudice.

    /s Stanley R. Chesler\_\_\_\_\_
    STANLEY R. CHESLER
    United States District Judge

Dated: December 5, 2017